IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REGINA E. SIMONIAN,

        Plaintiff,

v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

        Defendant.

No. 3:13-cv-02292-HZ

OPINION & ORDER

Lisa R.J. Porter
KP Law PC
5200 SW Meadows Rd., Suite 150
Lake Oswego, OR 97035

    Attorney for Plaintiff

Adrian L. Brown
Ronald K. Silver
U.S. Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Richard Rodriguez
Office of General Counsel
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Regina E. Simonian brings this action for judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, I reverse the Commissioner's decision and remand for additional proceedings.

## BACKGROUND

      Plaintiff was born in 1958 (Tr. 177) and was 46 years old at the alleged onset of disability. Tr. 179. She completed the eleventh grade (Tr. 42) and reports past work as a day care provider, cashier, housekeeper, and bank teller. Tr. 211. Plaintiff alleged disability since September 15, 2005 (Tr. 179) due to blindness, spinal bifida, bladder control issues, migraines, sciatica, arthritis, depression, and anxiety. Tr. 70.

      The Commissioner denied her application initially and upon reconsideration (Tr. 70–86, 87–119), and an Administrative Law Judge ("ALJ") held a hearing on March 13, 2013. Tr. 38–69. The ALJ found Plaintiff not disabled on April 25, 2013. Tr. 22–37. The Appeals Council declined review of the matter on November 5, 2013, making the ALJ's decision the final decision of the Commissioner. Tr. 1–5.

## SEQUENTIAL DISABILITY ANALYSIS

      A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be

expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure.  See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability).  The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four.  Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work."  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can, the claimant is not disabled.  If the claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five, the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his

burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ found Plaintiff's fibromyalgia, affective disorder, and migraine headaches "severe" at step two in the sequential proceedings. Tr. 27. The ALJ did not find Plaintiff's low back condition, hypertension, restless leg syndrome "severe." Id. Additionally, the ALJ found that Plaintiff's vision loss was not caused by a medically determinable impairment as she had been blind in her left eye since birth and Plaintiff's problems with her right eye were not supported by the medical evidence through her last day insured. Tr. 28. The ALJ also determined that Plaintiff's bladder problems were not a medically determinable impairment. Id. At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 28–30. The ALJ assessed Plaintiff's RFC and concluded that she could perform "light work as defined in 20 CFR 404.1567(b)." Tr. 30. At step four, the ALJ found that Plaintiff had past relevant work as a cashier, and was able to perform such past work. Tr. 33. The ALJ therefore found Plaintiff not disabled under the Commissioner's regulations. Id.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decisions if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009)

4 - OPINION & ORDER

(quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225–26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

## DISCUSSION

Plaintiff raises three objections to the ALJ's decision. First, Plaintiff objects that the ALJ failed to offer specific, clear and convincing reasons for discrediting Plaintiff's symptom testimony. Pl.'s Br. 13–17. Second, Plaintiff contends that the ALJ failed to properly assess lay witness testimony. Id. at 17–21. Third, and finally, Plaintiff argues that the ALJ failed to incorporate Plaintiff's bladder functioning into the determining RFC, resulting in harmful error. Id. at 21–22. This Court will address each of Plaintiff's objections in turn.

**I.   Plaintiff's Credibility**

In determining whether a claimant is impaired, the ALJ must consider all symptoms and pain which "can reasonably be accepted as consistent with the objective medical evidence, and other evidence." 20 C.F.R. § 404.1529(a). Once a claimant shows an underlying impairment

5 - OPINION & ORDER

which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. Lingenfelter, 504 F.3d at 1036 (citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citing Bunnell v. Sullivan, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc)). To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Smolen, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. Id. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." Robbins, 466 F.3d at 883; see also Bunnell, 947 F.2d at 346–47.

The ALJ discredited Plaintiff's testimony concerning the level of her fibromyalgia pain for two reasons. First, the ALJ noted that Dr. Raymond Nolan's objective findings did not support the conclusion that Plaintiff had a disabling level of fibromyalgia pain. Tr. 31. Second, the ALJ found that Plaintiff's reported daily activities—including sweeping, washing clothes, washing dishes, and caring for her young grandchildren—conflicted with her testimony concerning disabling levels of fibromyalgia pain. Id.

Plaintiff did not object to the ALJ's reliance on Dr. Nolan's opinion to find her not credible. However, Plaintiff contends that the ALJ both mischaracterized Plaintiff's testimony concerning her daily activities, and erred in finding that Plaintiff's daily activities were inconsistent with the bladder and pain impairments described in Plaintiff's testimony. Pl.'s Br. 15. Defendant responds by arguing that the ALJ did not err because, although Plaintiff's daily activities may not "indicate Plaintiff's ability to currently perform work activities, they are inconsistent with her alleged level of impairment and the level of her reported symptoms." Def.'s Br. 7. Second, Defendant argues that even if the ALJ erred, that error is harmless because the ALJ also relied on Dr. Nolan's findings, and the ALJ's determination must be upheld if supported by substantial evidence, even if one of the ALJ's reasons for not finding Plaintiff to be credible was refuted. Id. at 9 (citing Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1162–63 (9th Cir. 2008); Batson, 359 F.3d at 1197.

This Court finds that the ALJ erred by failing to properly consider Plaintiff's testimony regarding her daily activities. The Ninth Circuit has warned that "ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain [or other symptoms], because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014). Accordingly, "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." Reddick, 157 F.3d at 722. "Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility." Id.

7 - OPINION & ORDER

In this case, regarding Plaintiff's fibromyalgia, the ALJ noted that the claimant stated that she was able to drive, shop in stores for food, manage her money, care for her two young grandchildren, complete meals, sweep, and wash clothes and dishes.  Tr. 31–32.  However, when considering Plaintiff's daily activities, the ALJ failed to take into account Plaintiff's statements that she could only carry out these tasks with significant assistance and accommodations.  Tr. 53–56, 59, 61–62.  For example, Plaintiff testified that when caring for her grandchildren, "I watch them on a part time basis. . . . My husband does all of the picking up of the children because I can't pick them up because of my back."  Tr. 53.  Additionally, when the ALJ asked if the Plaintiff watched the grandchildren by herself, Plaintiff responded "No. No. No, sir. No."  Tr. 54.  Plaintiff also testified that, although she watches her grandchildren, there is always someone there to help her, and that her husband watches the grandchildren when she has to lie down due to her migraines.  Id. at 53–54.  Plaintiff's testimony at the disability hearing stated that Plaintiff is only able to carry on the daily activities relied upon by the ALJ with significant help.  Because the ALJ failed to take these statements into account, Plaintiff's activities of daily living is not a sufficient reason for finding Plaintiff not credible.

One of two bases for the ALJ's credibility finding stands—the ALJ's reliance on Dr. Nolan's opinion.  Although this court may affirm an ALJ's overall credibility conclusion when not all of the ALJ's reasons are upheld, Batson, 359 F.3d at 1197, this Court is unable to determine whether the ALJ would still have found Plaintiff not credible based on one of two reasons given.  On remand, the ALJ must determine whether Plaintiff is credible.  Depending on the finding, it may be necessary to reformulate Plaintiff's RFC and proceed with the disability analysis.

## II. Lay Witness Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d), 404.1545(a)(3); Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. Dodrill v. Shalala, 12 F.3d 915, 918–19 (9th Cir. 1993). The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony. Bruce, 557 F.3d at 1115; Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).

The ALJ considered the statements of Plaintiff's husband, sister, and two daughters. However, in rejecting this evidence, the ALJ stated that "[e]ach of these statements appears to be based on the claimant's subjective report of symptoms, which . . . is not entirely credible." Tr. 32. Plaintiff argues that the ALJ impermissibly dismissed the testimony of the lay witnesses. Pl.'s Br. 17. Defendant contends that the ALJ did not err because "the ALJ properly and reasonably rejected Plaintiff's testimony," and that same reasoning "can be applied to the statements of Plaintiff's lay witnesses." Def.'s Br. 11.

The lay witnesses in this case are Plaintiff's sister, Catherine Manriguez; Plaintiff's husband, Charles Christopher; and Plaintiff's daughters, Jessica Thomas and Lorena Garcia. The lay witness testimony of Plaintiff's family include personal observations and are not merely Plaintiff's subjective report of her own symptoms. For example, Manriguez testified that Plaintiff has to "go to the restroom all the time." Tr. 203. Christopher testified that Plaintiff has to go to the bathroom several times if they visit the store together, that Plaintiff cannot sit for too long because of pain in her legs, neck, back, and arms; and that Plaintiff has two to three migraines a week. Tr. 272. Thomas testified that Plaintiff can barely go thirty minutes without

running to the bathroom; that Plaintiff has to sit down if she stands for too long; and that Plaintiff has to wear diapers due to her bladder problems. Tr. 274. Finally, Garcia testified that Plaintiff always has to go to the restroom and has to wear adult diapers. Tr. 275.

The testimony from Plaintiff's family are not solely based on Plaintiff's subjective report of her symptoms. As such, they cannot be summarily dismissed without comment and reasons germane to each witness. See Bruce, 557 F.3d at 1115; Nguyen, 100 F.3d at 1467. See also Dodrill, 12 F.3d at 918 (9th Cir. 1993) (finding that the testimony of lay witness who saw the claimant on a daily basis could not be discounted merely because the ALJ determined their statements were "based on the claimant's own assertions"). Therefore, the ALJ's finding is not supported by substantial evidence. Upon remand, the ALJ is directed to reevaluate the lay witness testimony of Plaintiff's family.

### III.    RFC

A claimant's individual RFC is based on all the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1). If a claimant has more than one impairment, the ALJ must consider all of the claimant's impairments, regardless of whether or not they are "severe," when assessing RFC. Id. at § 404.1545(a)(2). A claimant's RFC is "based on all of the relevant medical and other evidence." Id. at § 404.1545(a)(3). "Other evidence" includes "limitations that result from . . . symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons." Id. Because the court is remanding this case on this issues of Plaintiff's credibility and lay witness testimony, the ALJ will also need to reevaluate Plaintiff's RFC.

/ / /

10 - OPINION & ORDER

## CONCLUSION

Based on the foregoing, the Commissioner's decision is reversed and remanded for additional proceedings on the issues of Plaintiff's credibility, lay witness testimony, and formulation of Plaintiff's RFC.

IT IS SO ORDERED.


Dated this \_\_12\_\_ day of December, 2014


_____
MARCO A. HERNÁNDEZ
United States District Judge

11 - OPINION & ORDER